# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7806 | **DATE** | 2/26/2003 |
| **CASE TITLE** | Troy Campbell vs. Officer Saronda Turner, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly the purported affirmative defense is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | FEB 28 2003 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 03 FEB 27 PM 3:38 FILED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TROY CAMPBELL, )
)
        Plaintiff, )
)
v. ) No. 02 C 7806
)
OFFICER SARONDA TURNER, et al., )
)
        Defendants. )

DOCKETED
FEB 2 8 2003

MEMORANDUM ORDER

Three defendant police officers are charged in this 42 U.S.C. §1983 ("Section 1983") action with the imposition of excessive force--here are Complaint ¶¶8 through 13 (there is no ¶11):

> 8. Without provocation one or more of the Defendants grabbed the Plaintiff and slammed him to the concrete and beat him.
>
> 9. Said use of force was unreasonable, excessive and unprovoked.
>
> 10. The Plaintiff, TROY CAMPBELL, was not committing a crime or breaking any laws to justify said use of force.
>
> 12. The Plaintiff, TROY CAMPBELL, was injured.
>
> 13. The actions of the Defendants were intentional, willful and wanton.

Although defendant officers have now filed an appropriate Amended Answer to the Complaint brought against them by Troy Campbell, that cannot also be said of the following affirmative defense, which this Court strikes sua sponte:

> There are certain immunities, including but not limited to, qualified immunity, that immunize Defendants from

suit and further immunize these Defendants from any and all liability and damages as contemplated within the Plaintiff's Complaint.

To begin with, defense counsel have not been mindful of the principle that the federal concept of notice pleading cuts in both directions. What they have said in the quoted paragraph gives no clue to Campbell's counsel or to this Court as to just what is being claimed by defendants, and the assertion is defective on that ground alone. But more substantively, the caselaw from the United States Supreme Court--and now from our Court of Appeals as well--teaches that where the only way in which it can be determined whether defendants were indeed guilty of the charged conduct is by an evidentiary trial or by its equivalent (the unlikely prospect of a summary judgment), qualified immunity plays no part in the equation.[1] Accordingly the purported affirmative defense is stricken.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: February 26, 2003

---

[1] It is of course obvious that if defendants *did* do what Campbell claims, they violated his clearly established constitutional right created by the Fourth Amendment, as incorporated through the Fourteenth Amendment.

2